1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| JAMES LEWIS, | **1:08-cv-01062 OWW GSA** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DOC. 12)** |
| **v.** | |
| CITY OF FRESNO, JERRY DYER, ROBERT NEVAREZ, JOHN ROMO, GREG GARNER, ANTHONY MARTINEZ AND DOES 1 THROUGH 10, INCLUSIVE, | |
| **Defendants.** | |

17

18                    **I.  INTRODUCTION.**

19       Plaintiff James Lewis ("Lewis") brings this action alleging

20  employment discrimination and retaliation by his employer, the

21  City of Fresno, and various employees of the Fresno Police

22  Department ("FPD") based on his race, sex, marital status, and

23  union activity.   Plaintiff is an African-American male who has

24  been employed with the FPD since 1986 and is currently a

25  sergeant.  He alleges both state and federal causes of action: 1)

26  discrimination and retaliation pursuant to California Government

27  Code § 12900 *et seq.*; 2) retaliation pursuant to California

28  Government Code § 3502.1; 3) discrimination, harassment, and

                             **1**

1   retaliation pursuant to 42 U.S.C. § 1981; 4) discrimination

2   pursuant to 42 U.S.C. § 1983; and 5) conspiracy pursuant to 42

3   U.S.C. § 1985.  Plaintiff seeks compensatory and punitive

4   damages, as well as attorney's fees.

5        Plaintiff filed his complaint in the Superior Court of

6   California, County of Fresno, on June 9, 2008.  (Doc. 1.)  On

7   July 21, 2008, Defendants Dyer, Nevarez, Romo, Garner and

8   Martinez jointly filed a removal notice which stated, "Please

9   take notice that Defendants Jerry Dyer, Robert Nevarez, John

10  Romo, Greg Garner and Anthony Martinez ("Individual Police

11  Defendants") hereby remove to this Court the state court action

12  described below."  (Doc. 1 at 1.)  Before the court for decision

13  is Plaintiff's motion to remand, based on the following

14  procedural grounds: 1) that the removal notice is untimely

15  because Defendant City of Fresno did not file it within the

16  thirty-day time period required under 28 U.S.C. § 1446(b); and 2)

17  that the removal notice is fatally defective because Defendant

18  City of Fresno did not express its consent to removal, preventing

19  the unanimity of consenting defendants required by 28 U.S.C. §

20  1446.

21       Defendants oppose, arguing: 1) removal was timely under the

22  last-served defendant rule; 2) there is a split in authority

23  regarding the "first-served" versus "last-served" defendant rule

24  and the Eastern District of California has applied the latter

25  rule consistent with the modern trend; 3) joinder and consent of

26  the City is effectively presumed where all Defendants are

27  represented by the same counsel, the City paid for and filed the

28  removal notice, and the City and individual defendants brought a

**2**

1  **motion to dismiss; and 4) the court has discretion to grant**

2  **Defendants leave to amend or supplement their removal notice.**

3

4  **II. BACKGROUND.**

5  **On June 9, 2008, Plaintiff filed his complaint in the**

6  **Superior Court of California, County of Fresno.  (Doc. 1.)  On**

7  **June 12, 2008, Defendant City of Fresno was served.  (Doc. 18 at**

8  **4.)  On July 2, 2008, Defendants Dyer, Nevarez, Romo, Garner and**

9  **Martinez were served via substituted service on the FPD liason**

10 **officer.  (Doc. 12-2 at 1.)  On July 21, 2008, Defendants Dyer,**

11 **Nevarez, Romo, Garner and Martinez jointly filed a removal**

12 **notice.[1]  (Doc. 1.)  On July 31, 2008, all Defendants jointly**

13 **filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6),**

14 **or in the alternative, a 12(e) motion for a more definite**

15 **statement and/or a 12(f) motion to strike.  (Doc. 7.)**

16 **Plaintiff filed this motion to remand on August 12, 2008.**

17 **(Doc. 12.)  Defendants filed their opposition on October 9, 2008.**

18 **(Doc. 18.)**

19

20 **III. LEGAL STANDARD.**

21 **A district court may remand to state court a case that has**

22 **been removed to the district court if at any time it appears that**

23 **the district court lacks subject matter jurisdiction.  28 U.S.C.**

24

25 [1] Defendants contend both the individual defendants and the City of Fresno filed the removal notice, as reflected in the

26 docket under "Docket Text Field" for Docket Item #1, which lists the individual defendants and the City of Fresno.  Plaintiff

27 disagrees, asserting that only the individual defendants filed the removal notice according to the text of the actual removal

28 notice.  This issue is addressed in section IV.B.

1 § 1447(c).  A motion to remand on the basis of any defect in the

2 removal procedure must be made within 30 days of the filing of

3 the notice of removal.  *Id*.  Where a motion for remand is not

4 made within 30 days of removal of the case to the district court,

5 the court must remand the case to state court *sua sponte* when

6 federal subject matter jurisdiction is lacking.  A federal court

7 must determine its own jurisdiction even if the parties fail to

8 raise the issue.  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215,

9 230-31 (1990).

10 Federal courts construe removal statutes strictly to limit

11 removal jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313

12 U.S. 100, 108 (1941); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th

13 Cir. 1992).  Removal is generally proper when the district courts

14 have original jurisdiction over the action.  *See* 28 U.S.C. §

15 1441; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

16 Jurisdiction must be determined from the face of the complaint,

17 *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), and it

18 must be clear from the face of the complaint under the

19 well-pleaded complaint rule that federal subject matter

20 jurisdiction exists.  *Oklahoma Tax Comm'n. v. Graham*, 489 U.S.

21 838, 840-41 (1989) (per curiam).

22 Procedures for removal are prescribed by 28 U.S.C. § 1446.

23 If a defendant or defendants desire to remove a civil action from

24 state court to federal court, they must file "a notice of removal

25 signed pursuant to Rule 11 of the Federal Rules of Civil

26 Procedure and containing a short and plain statement of the

27 grounds for removal, together with a copy of all process,

28 pleadings, and orders served upon such defendant or defendants in

1  such action."  28 U.S.C. § 1446(a).

2      Subdivision (b) of § 1446 specifies the "notice of removal

3  of a civil action or proceeding shall be filed within *thirty days*

4  after the receipt by *the defendant*, through service or otherwise,

5  of a copy of the initial pleading setting forth the claim for

6  relief upon which such action or proceeding is based . . . ."  28

7  U.S.C. § 1446(b) (emphasis added).  When there is more than one

8  defendant in the action, all defendants must unanimously agree to

9  join in or consent to the removal.  *Hewitt v. City of Stanton*,

10 798 F.2d 1230, 1232 (9th Cir. 1986); *United Computer Sys., Inc.*

11 *v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).  This is

12 commonly referred to as the unanimity requirement.

13     Failure to comply with the thirty-day time limitation or the

14 unanimity requirement renders the removal procedurally defective.

15 *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th

16 Cir. 1988).  Procedural defects in removal, however, are not

17 jurisdictional.  Rather, such defects are modal or formal and may

18 be waived.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212

19 (9th Cir. 1980); *Hernandez v. Six Flags Magic Mountain, Inc.*, 688

20 F.Supp. 560, 562 (C.D. Cal. 1988).

21

22

23                    IV. <u>DISCUSSION</u>.

24 A.    <u>Timeliness of Defendants' Removal Notice</u>.

25     The parties in this case stipulated to extend the time "in

26 which to file a response to the complaint" to July 31, 2008.

27 (Doc. 12-2, Declaration of Rayma Church, Exhibit. 8.)  As an

28 initial matter, it is important to note that the statutory time

                              5

limit for removal petitions is mandatory.  *Fristoe*, 615 F.2d at 1212.  The time limits cannot be extended by continuance or stipulation.  *See Littlefield v. Cont'l Cas. Co.*, 475 F.Supp. 887, 890 (C.D. Cal. 1979); *Transport Indem. Co. v. Fin. Trust Co.*, 339 F.Supp. 405, 407 (C.D. Cal. 1972); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3732 (3d ed. & Supp. 2008) ("the decided cases make it clear that these statutory periods will not be extended by the district court continuances, demurrers, motions to set aside service of process, pleas in abatement, stipulations, or various other court orders").

Plaintiff argues Defendant City of Fresno failed to remove within the thirty-day time period required under 28 U.S.C. § 1446(b), as the City was served on June 12 while the removal notice was filed on July 21.[2]  Plaintiff asserts that the thirty-day period for removal commenced on June 12, requiring the City to file a removal notice by Monday, July 14 (because July 12 was a Saturday).[3]  Plaintiff urges the adoption of the "first-served" defendant rule, citing a number of district court decisions, including *McAnally Enterprises, Inc. v. McAnally*, 107 F.Supp.2d 1223, 1226 (C.D. Cal. 2000), and *Biggs Corp. v. Wilen*, 97

---

[2] Plaintiff contends the notice of removal was served on July 22, 2008, noting the postmark on the envelope sent to Plaintiff's counsel shows the date of July 22.  Since Defendant City of Fresno was served with the complaint on June 12, whether the notice was filed July 21 or 22 is not determinative.

[3] Plaintiff also contends that the removal notice was defective because the City of Fresno did not formally consent to removal in the notice.  This argument is addressed in section IV.B.

1  F.Supp.2d 1040, 1044-46 (D. Nev. 2000).  Plaintiff does not

2  challenge the court's federal question subject matter

3  jurisdiction over this case.

4      Applicable caselaw reveals a split in authority on the

5  question of whether, in a case involving multiple defendants

6  served at different times, the period to remove ends thirty days

7  after service of the first defendant or thirty days after the

8  last defendant is served.  Neither the Supreme Court or the Ninth

9  Circuit has addressed this issue.  *United Computer Sys.,* 298 F.3d

10 at 762.  Plaintiff argues that the "first-served" defendant rule

11 is the majority rule.  But the caselaw indicates a recent trend

12 in favor of the "last-served" rule since the Supreme Court's

13 decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,

14 526 U.S. 344 (1999), which is discussed in detail below.  *See*

15 *Myer v. Nitetrain Coach Co.*, Inc., 459 F.Supp.2d 1074, 1079 (W.D.

16 Wash. 2006); *Bonner v. Fuji Photo Film*, 461 F.Supp.2d 1112, 1117

17 (N.D. Cal. 2006); *Coleman v. Assurant, Inc.*, 463 F.Supp.2d 1164,

18 1168 (D. Nev. 2006) ("the current movement in this Circuit, and

19 the nation, [is] to follow the later-served defendant rule");

20 *Piacente v. State Univ. of N.Y. at Buffalo*, 362 F.Supp.2d 383,

21 389-90 (W.D.N.Y. 2004) (listing cases relying on *Murphy Bros*. and

22 stating "it is important to note that the majority of post-*Murphy*

23 *Bros*. authorities have adopted the [last-served] rule"); *Smith v.*

24 *Mail Boxes, Etc. USA, Inc.*, 191 F.Supp.2d 1155 (E.D. Cal. 2002);

25 see also 16 James Wm. Moore et al., Moore's Federal Practice §

26 107.30[3][a][4][c], at 107-178 (3d ed. & Supp. 2006)(the current

27 trend does not follow "the traditional view...[that] the 30-day

28 removal period begins to run when the first defendant is served"

**7**

1  and courts have recently held this view "penalizes those

2  defendants that are served after others, and these courts

3  calculate the 30-day period separately for each defendant").

4         The "first-served" rule provides, "'[i]f the first served

5  defendant abstains from seeking removal or does not effect a

6  timely removal, subsequently served defendants cannot remove ...

7  due to the rule of unanimity among defendants which is required

8  for removal.'"  *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.

9  1986) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities*

10 *Printing, Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970)).  In

11 *Brown*, a newly added defendant sought removal where the state

12 court action had been pending for four years.  *Brown,* 792 F.2d at

13 480.  The state action was originally removable on diversity

14 grounds and the new defendant sought removal based on diversity.

15 *Id*.  The district court had granted removal and the Fifth Circuit

16 reversed.  The Fifth Circuit reasoned that "[t]he rule follows

17 logically from the unanimity requirement."  *Id*. at 482.  The

18 court explained that a later-served defendant was no more

19 prejudiced by a first-served defendant rule than any defendant

20 whose co-defendant was non-diverse or opposed removal.  *Id*.

21    The *Brown* court discussed additional reasons favoring the

22 first-served rule.  These include that forum selection should be

23 settled early in the litigation and that the "first-served" rule

24 "is consistent with the trend to limit removal jurisdiction and

25 with the [interpretive] axiom that the removal statutes are to be

26 strictly construed against removal."  *Id*.  The Fifth Circuit

27 affirmed *Brown* in *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d

28 1254 (5th Cir. 1988), and its reasoning has also been relied on

**8**

1 by various district courts.  *See McAnally Enterprises, Inc. v.*

2 *McAnally*, 107 F.Supp.2d 1223, 1226 (C.D. Cal. 2000); *Biggs Corp.*

3 *v. Wilen*, 97 F.Supp.2d 1040, 1044-46 (D. Nev. 2000); *D. Kirschner*

4 *& Sons, Inc. v. Cont'l Cas. Co.*, 805 F.Supp. 479 (E.D. Ky. 1992);

5 *Davidson v. Life Ins. Co. of N. Am.*, 716 F.Supp. 674 (D. Mass.

6 1989).

7        In contrast to the Fifth Circuit, the Sixth and Eighth

8 Circuits have adopted the "last-served" rule in which "the

9 last-served defendant is allowed a full 30 days after being

10 served to remove[.]"  *Brierly v. Alusuisse Flexible Packaging*,

11 Inc., 184 F.3d 527, 532 (6th Cir. 1999); *see also Marano*

12 *Enterprises of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757

13 (8th Cir. 2001).  In adopting this rule, the Sixth Circuit relied

14 on most of the Fourth Circuit's reasoning in *McKinney v. Bd. of*

15 *Trs. of Mayland Cmty. Coll.*, 955 F.2d 924 (4th Cir. 1992).

16 First, it did not believe "Congress intended the inequity that

17 would result from 'establishing one fixed deadline for defendants

18 served as much as thirty days apart.'"  *Brierly*, 184 F.3d at 533

19 (quoting *McKinney*, 955 F.2d at 927).  Second, in light of the

20 1988 amendment to § 1446(a), which subjected removal petitions to

21 Federal Rule of Civil Procedure 11, "a rule that the last-served

22 defendant has 30 days in which to remove a case to federal court

23 is imperative. 'Otherwise, later served defendants will either

24 have to forego removal or join hurriedly in a petition for

25 removal and face possible Rule 11 sanctions.'" *Brierly,* 184 F.3d

26 at 533 (quoting *McKinney*, 955 F.2d at 928).  In addition to

27 deeming these rationales persuasive, the Sixth Circuit also found

28 the "last-served" rule was more consistent with its

interpretation of the statute:

> [A]s a matter of statutory construction, holding that
> the time for removal commences for all purposes upon
> service of the first defendant would require us to
> insert 'first' before 'defendant' into the language of
> the statute. We are naturally reluctant to read
> additional words into the statute, however. If Congress
> had intended the 30-day removal period to commence upon
> service of the first defendant, it could have easily so
> provided.

*Brierly,* 184 F.3d at 533 (citation omitted).

The Eighth Circuit adopted the last-served defendant rule in *Marano* for a different reason: because "the legal landscape in this area has been clarified, and perhaps the definitive answer portended, by the Supreme Court's decision in *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)." *Marano*, 254 F.3d at 756.

In *Murphy Bros.*, the Supreme Court addressed a situation where a solo defendant was first faxed a copy of the complaint and then two weeks later was formally served with the complaint. 526 U.S. at 348. The Court began its decision: "This case concerns the time within which a defendant named in a state-court action may remove the action to a federal court. The governing provision is 28 U.S.C. § 1446(b)." *Id.* at 347. The Supreme Court proceeded to analyze at length the "triggering" mechanism of the § 1446(b) time limit.

Although it focused on the "service or otherwise" language in § 1446(b) and did not address the issue of multiple defendants, the Supreme Court clearly framed its holding:

> "An individual or entity named as a defendant is not
> obliged to engage in litigation unless notified of the
> action, and brought under a court's authority, by
> formal process. Accordingly, we hold that a named

10

1                 **defendant's *time to remove is triggered by simultaneous***

2                 ***service of the summons and complaint*, or receipt of the**
                **complaint, 'through service or otherwise,' after and**

3                 **apart from service of the summons, but not by mere**
                **receipt of the complaint unattended by any formal**

4                 **service."**

*Murphy Bros.,* **526 U.S. at 347-48 (emphasis added).**

5

6      **The Court emphasized the significance of formal service to**

**the judicial process:**

7

8                 **In the absence of service of process (or waiver of**
                **service by the defendant), a court ordinarily may not**

9                 **exercise power over a party the complaint names as**
                **defendant.  Accordingly, one becomes a party**

10                 **officially, and is required to take action in that**
                **capacity, only upon service of a summons or other**

11                 **authority-asserting measure stating the time within**
                **which the party served must appear and defend.   Unless**

12                 **a named defendant agrees to waive service, the summons**
                **continues to function as the *sine qua non* directing an**

13                 **individual or entity to participate in a civil action**
                **or forgo procedural or substantive rights.**

14 *Id.* **at 350-51.**

15      *Murphy Bros.* **has led the Eight Circuit and various district**

16 **courts to conclude that the Supreme Court "would allow each**

17 **defendant thirty days after receiving service within which to**

18 **file a notice of removal, regardless of when - or if - previously**

19 **served defendants had filed such notices."  *Marano*, 254 F.3d at**

20 **756.**

21      **The rationales favoring the "last-served" rule are more**

22 **persuasive.  First, as a matter of statutory interpretation,**

23 **other courts have recognized that Plaintiff's position requires**

24 **us to add the word "first" into the text of 28 U.S.C. 1446(b)**

25 **prior to "defendant."  Had Congress intended the thirty-day time**

26 **period for removal to commence with the first-served defendant,**

27 **it knows how to craft legislation and could have easily included**

28 **this language in the statute.  Second, *Marano's* reasoning and**

**11**

1  analysis of *Murphy Bros.* is sound.  Although it did not address

2  the exact issue in this case, the Supreme Court in *Murphy Bros.*

3  made clear it views formal service as the trigger for a

4  defendant's time to remove and as a required step prior to any

5  loss of a defendant's "procedural or substantive rights."  *Murphy*

6  *Bros.*, 526 U.S. at 351.  A first-served defendant rule would

7  create the inequitable result of vesting first-served defendants

8  with the power to foreclose the removal rights of all other

9  defendants before these defendants are even subject to the

10  court's authority, clearly contravening the Supreme Court's

11  ruling in *Murphy Bros*.

12       Third, the potential for gamesmanship is also less likely

13  under the "last-served" rule than the "first-served" rule.  The

14  "last-served" rule encourages plaintiffs - who control the

15  decision to file suit, who and when to sue, and when to serve -

16  to serve all defendants in a timely manner, rather than inviting

17  service on a resourceless, unsophisticated, or likely-to-be

18  unrepresented defendant.  Plaintiff argues there is no unfairness

19  to any Defendant in this case because the individual defendants

20  were served within the City of Fresno's thirty-day removal period

21  and thus the first-served rule should apply.  However, a single

22  rule must be applied that takes into account the rights and

23  potential prejudice to all parties in multiple defendant actions.

24       The individual defendants were served on July 2, while the

25  City was served on June 12.  Applying the last-served rule in

26  this case, the parties had until August 1 to file a notice of

27  removal.  The removal notice in this case was filed on July 21.

28  Accordingly, the notice was timely filed.

12

1   **B.  <u>Unanimity of Defendants</u>.**

2           **Plaintiff asserts the removal notice is also defective**

3   **because it lacks the unanimous consent of all Defendants.**

4   **Plaintiff points to language in the notice of removal stating**

5   **"Individual Police Defendants believe Defendant City of Fresno**

6   **has been served in this matter."  (Doc. 1 at 2.)  Plaintiff**

7   **argues each defendant must express his or its consent to removal**

8   **to achieve complete unanimity of defendants.  *Hernandez v. Six***

9   ***Flags Magic Mountain, Inc.*, 688 F.Supp. 560, 562 (C.D. Cal.**

10  **1988).**

11          **Defendants argue they are represented by the same counsel**

12  **and all of them filed, or at least intended to file, the removal**

13  **notice.  They contend each Defendant, including City, filed the**

14  **certificate of service of removal and the City paid the filing**

15  **fee for the removal petition.  They further point to the fact**

16  **that all Defendants jointly filed a motion to dismiss almost two**

17  **weeks before Plaintiff sought remand.  (Doc. 7.)**

18          **This court has previously determined that where the**

19  **pleadings demonstrated defendants were all represented by the**

20  **same counsel, the failure of one defendant to formally join the**

21  **removal does not negate its validity.  *Clarke v. Upton*, No. CV-F-**

22  **07-888, 2007 U.S. Dist. LEXIS 75416, at *10-11 (E.D. Cal. Oct. 3,**

23  **2007).  Here the docket entry for the removal notice states,**

24  **"Notice of Removal of Action Under 28 U.S.C. Section 1441(a),(b)**

25  **from Fresno County Superior Court, case number 08CECG01962 AMS by**

26  **City of Fresno, Jerry Dyer, Robert Nevarez, John Romo, Greg**

27  **Garner, Anthony Martinez."  (Doc. 1.)  The first page of the**

28  **removal notice lists City Attorney James C. Sanchez and Deputy**

**13**

1  City Attorney Shannon L. Chaffin as "Attorneys for Defendants" in

2  the caption.  (*Id*.)   The civil cover sheet filed with the removal

3  notice lists all Defendants, including City, on the form under

4  the "defendants" entry.  (Doc. 1-2.)   A review of docket entry 3

5  indicates all Defendants filed the certificate of service of

6  removal.  (Doc. 3.)   Finally, the filing fee was paid by the City

7  using City Attorney James Sanchez's credit card which is issued

8  to the "City of Fresno."   (Docket Entry dated July 23, 2008.)

9       All Defendants appeared through counsel on the designation

10  of counsel on the removal notice.  The text of the motion does

11  not specifically state the words "Notice of Removal by Defendant

12  City of Fresno," however, the City Attorney is listed as counsel

13  for all Defendants on the notice of removal and he paid the

14  filing fee for the notice.  It exalts form over substance to

15  ignore this direct evidence of the City Defendant's intent to

16  remove.

17       The removal notice was timely under the last-served

18  defendant rule, which applies in this case as the better reasoned

19  view.  The City's admitted inadvertence in not clarifying the

20  removal notice justifies its amendment.  *See Barrow Dev. Co.,*

21  *Inc. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir. 1969)

22  (holding allegations in a removal notice that are defective in

23  form, but not lacking in substance, may be amended).

24

25

26

27

28

**14**

1      **For all these reasons, Plaintiff's motion to remand this**

2  **case to the state court is DENIED.  Defendants shall submit an**

3  **amended notice of removal within five days following the date of**

4  **service of this order.**

5

6

7

8

9  IT IS SO ORDERED.

10  **Dated:**    **December 15, 2008**                      **/s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**15**