IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES LEWIS, | ) | No. CV-F-08-1062 OWW/GSA |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER GRANTING IN PART AND |
| Plaintiff, | ) | DENYING IN PART DEFENDANTS' |
| | ) | MOTION TO DISMISS, FOR MORE |
| vs. | ) | DEFINITE STATEMENT, AND TO |
| | ) | STRIKE (Docs. 7 & 23) AND |
| | ) | DIRECTING PLAINTIFF TO FILE |
| CITY OF FRESNO, et al., | ) | FIRST AMENDED COMPLAINT |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

On June 9, 2008, Plaintiff James Lewis filed a Complaint for

Damages in the Fresno County Superior Court against Defendants

City of Fresno, Chief of Police Jerry Dyer, Deputy Chief of

Police Robert Nevarez, Police Sergeant John Romo, Police Captain

Greg Garner, Police Lieutenant Anthony Martinez, and Does 1-10.

The action was removed to this Court on July 21, 2008.[1]

Before the Court is Defendants' motion to dismiss, for more

---

[1]This action has been partially consolidated with *Miller, et al. v. City of Fresno, et al.*, No. CV-F-09-304 LJO/SMS.

1

definite statement and to strike.

A.  <u>GOVERNING STANDARDS</u>.

1.  <u>Motion to Dismiss for Failure to State a Claim</u>.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001).  Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).  In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002).  However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003).  "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'"  *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir.2008), quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007).  "'Factual allegations must be enough

2

1   to raise a right to relief above the speculative level.'" *Id.*

2   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

3   does not need detailed factual allegations, a plaintiff's

4   obligation to provide the 'grounds' of his 'entitlement to

5   relief' requires more than labels and conclusions, and a

6   formulaic recitation of the elements of a cause of action will

7   not do." *Bell Atlantic*, *id.* at 555.  A claim has facial

8   plausibility when the plaintiff pleads factual content that

9   allows the court to draw the reasonable inference that the

10  defendant is liable for the misconduct alleged.  *Id.* at 556.  The

11  plausibility standard is not akin to a "probability requirement,'

12  but it asks for more than a sheer possibility that a defendant

13  has acted unlawfully,  *Id.*  Where a complaint pleads facts that

14  are "merely consistent with" a defendant's liability, it "stops

15  short of the line between possibility and plausibility of

16  'entitlement to relief.'" *Id.* at 557.  In *Ashcroft v. Iqbal*, ___

17  U.S. ___, 129 S.Ct. 1937 (2009), the Supreme Court explained:

18          Two working principles underlie our decision
            in *Twombley*.  First, the tenet that a court
19          must accept as true all of the allegations
            contained in a complaint is inapplicable to
20          legal conclusions.  Threadbare recitations fo
            the elements of a cause of action, supported
21          by mere conclusory statements, do not suffice
            ... Rule 8 marks a notable and generous
22          departure from the hyper-technical, code-
            pleading regime of a prior era, but it does
23          not unlock the doors of discovery for a
            plaintiff armed with nothing more than
24          conclusions.  Second, only a complaint that
            states a plausible claim for relief survives
25          a motion to dismiss ... Determining whether a
            complaint states a plausible claim for relief
26          will ... be a context-specific task that

                                    3

**requires the reviewing court to draw on its judicial experience and common sense ... But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.' ....**

**In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.**

**Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint.  *See Morley v. Walker*, 175 F.3d 756, 759 (9ᵗʰ Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9ᵗʰ Cir. 1980)  When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice.  *Parrino v. FHP, Inc*, 146 F.3d 699, 705-706 (9ᵗʰ Cir.1988).**

**2.   Motion for More Definite Statement.**

**"Under the liberal pleading standards, 'pleadings in federal courts are only required to fairly notify the opposing party of the nature of the claim.'"  *City of South Pasadena v. Slater*, 56 F.Supp.2d 1095, 1105 (C.D. Cal. 1999).  Federal Rule of Civil**

Procedure 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.  If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

A Rule 12(e) motion for a more definite statement must be considered in light of Rule 8's liberal pleading standards in federal court. *See, e.g.*, *Bureerong v. Uvawas*, 922 F.Supp 1450, 1461 (C.D. Cal. 1996).

A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, *i.e.*, so vague that the defendant cannot begin to frame a response.  *See Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal. 1981).  The Court must deny the motion if the complaint is specific enough to notify defendant of the substance of the claim being asserted. *See Bureerong*, 922 F.Supp. at 1461; *see also San Bernardino Pub. Employees Ass'n v. Stout*, 946 F.Supp. 790, 804 (C.D. Cal. 1996) ("A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her.").

1   The Court may also deny the motion if the detail sought by a

2   motion for more definite statement is obtainable through

3   discovery.  *See Davidson v. Santa Barbara High Sch. Dist.*, 48

4   F.Supp.2d 1225, 1227 (C.D. Cal. 1998).  "Thus, the class of

5   pleadings that are appropriate subjects for a motion under Rule

6   12(e) is quite small—the pleading must be sufficiently

7   intelligible for the court to be able to make out one or more

8   potentially viable legal theories on which the claimant might

9   proceed, but it must not be so vague or ambiguous that the

10  opposing party cannot respond, even with a simple denial, in good

11  faith or without prejudice to himself."  Charles Alan Wright &

12  Arthur R. Miller, *Federal Practice and Procedure* (2d ed.) §1376.

13      Whether to grant a Rule 12(e) motion for a more definite

14  statement lies within the wide discretion of the district court.

15  *See id.* §1377.  However, "[m]otions for more definite statement

16  are viewed with disfavor, and are rarely granted."  William W.

17  Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, Federal

18  Civil Procedure Before Trial §9:351 (2000).

19          3.  <u>Motion to Strike</u>.

20      Rule 12(f) provides in pertinent part that the Court "may

21  order stricken from any pleading any insufficient defense or any

22  redundant, immaterial, impertinent, or scandalous matter."

23  Motions to strike are disfavored and infrequently granted.  *Neveu*

24  *v. City of Fresno,* 392 F.Supp.2d 1159, 1170 (E.D.Cal.2005).  A

25  motion to strike should not be granted unless it is clear that

26  the matter to be stricken could have no possible bearing on the

subject matter of the litigation. *Id.* The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that might arise from litigating spurious issues by dispensing with those issues prior to trial. *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

     B.  <u>COLLATERAL ESTOPPEL</u>.

     Defendants move to dismiss the Complaint on the ground that Plaintiff's claims are barred by the doctrine of collateral estoppel.

     The Court takes judicial notice of Plaintiff's First Amended Petition for Writ of Mandate pursuant to California Code of Civil Procedure § 1085 and attached exhibits filed on December 21, 2007 in the Fresno County Superior Court (Ex. E to Dfts. Request for Judicial Notice) and the Notice of Entry of Judgment denying Plaintiff's Petition filed in the Fresno County Superior Court on May 8, 2008 (Ex. A to Dfts. Request for Judicial Notice).

     In determining the preclusive effect of a state-court judgment, the federal court must "refer to the preclusion law of the State in which judgment was rendered." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); 28 U.S.C. § 1738 (state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken"). As explained in *Lucido v. Superior Court*, 51 Cal.3d 335, 341 (1990):

7

1
2
3
4
5
6
7
8
9
10

Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings ... Traditionally, we have applied the doctrine only if several threshold requirements are fulfilled.  First, the issue sought to be precluded from relitigation must be identical to that decided in the former proceeding.  Second, this issue must have been actually litigated in the former proceeding.  Third, it must have been necessarily decided in the former proceeding.  Fourth, the decision in the former proceeding must be final and on the merits.  Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding ... The party asserting collateral estoppel bears the burden of establishing these requirements.

At the hearing, Defendants conceded that collateral estoppel does not bar the First Cause of Action for discrimination and retaliation in violation of California Government Code § 12900 *et seq.*, (California Fair Employment and Housing Act or FEHA), the Third Cause of Action for racial discrimination, harassment, and retaliation in violation of 42 U.S.C. § 1981, the Fourth Cause of Action for violation of 42 U.S.C. § 1983, and the Fifth Cause of Action for conspiracy in violation of 42 U.S.C. § 1985.

Plaintiff conceded that the Second Cause of Action for retaliation in violation of California Government Code § 3502.1 is barred by collateral estoppel.

Defendants' motion to dismiss the Second Cause of Action is GRANTED WITH PREJUDICE as barred by collateral estoppel. Defendants' motion to dismiss the First, Third, Fourth and Fifth Causes of Action as barred by collateral estoppel is DENIED.

C.   <u>FEDERAL CAUSES OF ACTION</u>.

8

1        1.   <u>Statutes of Limitations</u>.

2        Defendants move to dismiss the Third, Fourth and Fifth

3    Causes of Action to the extent that these causes of action relate

4    to acts of disparate treatment "prior to 2006" and "throughout"

5    Plaintiff's employment with the City, because of the bar of the

6    statute of limitations.

7            a.   <u>42 U.S.C. § 1981</u>.

8        Defendants move to dismiss the Third Cause of Action for

9    violation of Section 1981 as barred by the two year statute of

10   limitations applicable to Section 1981 claims.

11       The issue before the Court is what statute of limitations

12   applies to the Third Cause of Action.

13       28 U.S.C. § 1658(a) provides:

14           Except as otherwise provided by law, a civil
             action arising under an Act of Congress
15           enacted after the date of enactment of this
             section [December 1, 1990] may not be
16           commenced later than 4 years after the cause
             of action accrues.
17
     Section 1658(a)'s uniform limitations period applies to hostile
18
     work environment and wrongful termination claims under Section
19
     1981 that were made possible by the Civil Rights Act of 1991,
20
     which amended Section 1981 to add Section 1981(b).  *Jones v. R.R.*
21
     *Donnelley & Sons Co.,* 541 U.S. 369, 382 (2004).[2]  Section 1981(b)
22
     _____

23       [2]42 U.S.C. § 1981 provides:

24       (a) Statement of equal rights

25       All persons within the jurisdiction of the
         United States shall have the same right in
26       every State and Territory to make and enforce

was enacted in response to the Supreme Court decision in
*Patterson v. McLean Credit Union*, 491 U.S. 164 (1989), which held
that Section 1981(a) "did not protect against harassing conduct
that occurred after the formation of the contract."

Defendants argue in their reply brief that Section 1658(a)
does not apply to the Third Cause of Action because Section
1981(b) did not create the cause of action being pursued by
Plaintiff.

Defendants note that the Complaint alleges at Paragraph 9
that the FPOA "is a labor organization comprised of police
officers employed with the Department, which negotiated with
Defendant City the Memorandum of Understanding governing the
officers' wages, hours and terms and conditions of employment."
Defendants refer to the allegation in Paragraph 44 of the Third
Cause of Action that Plaintiff suffered racially motivated
disparate treatment in the assignment of overtime hours.

---

contracts, to sue, be parties, give evidence,
and to the full and equal benefit of all laws
and proceedings for the security of persons
and property as is enjoyed by white citizens
and shall be subject to like punishment,
pains, penalties, taxes, licenses, and
exactions of every kind, and to no other.

(b) 'Make and enforce contracts' defined

For purposes of this section, the term 'make
and enforce contracts' includes the making,
performance, modification, and termination of
contracts, and the enjoyment of all benefits,
privileges, terms, and conditions of the
contractual relationship.

Defendants request the Court take judicial notice of Article II,

Section C of the MOU for 2004-2006:[3]

> C.   NONDISCRIMINATION
>
> The provisions of this MOU shall apply
> equally to and be exercised by all employees
> without regarding [sic] to age, gender,
> sexual orientation, marital status, religious
> creed, race, color, national origin, certain
> medical conditions and disabilities, being a
> Vietnam era or qualified special disabled
> veteran, union or political affiliation.

Defendants also request the Court to take judicial notice of

Article IV, Section C of the MOU for the years 2004-2006, which

governs overtime and compensatory time off.  Defendants argue:

> Prior to its amendment in 1991, § 1981
> established the right of all persons to
> prosecute lawsuits if they did not receive
> the full and equal benefit of their
> contracts.  In this case, a contract existed
> and the contract contained language and a
> basis for the prosecution of a claim for
> discrimination based upon the discriminatory
> conduct associated with the Memorandum of
> Understanding.

Therefore, Defendants contend, the 1991 amendment to Section 1981

did not create a cause of action to which Section 1658 attaches

and the applicable statute of limitations is the two year statute

of limitations for personal injury set forth in California Code

of Civil Procedure § 335.1.

     Defendants' position is without merit.  The allegations of

the Complaint pertaining to hostile work environment pertain to

racial and stereotypical comments made to Plaintiff.  Defendants

---

[3]Defendants assert that a copy of Article II, Section C of the
MOU is attached to their reply brief as Exhibit A, but it is not.

11

1  point to nothing in the MOU that makes such conduct actionable
2  under the terms of the MOU.

3      Defendants' motion to dismiss the Third Cause of Action as
4  barred by the statute of limitations is DENIED.

5              b.  <u>42 U.S.C. §§ 1983 and 1985</u>.

6      Defendants move to dismiss the Fourth Cause of Action for
7  discrimination in violation of Section 1983 and the Fifth Cause
8  of Action for conspiracy in violation of Section 1985 as barred
9  by the two year statute of limitations applicable to personal
10 injury actions in California.

11     Plaintiff responds that the doctrine of equitable tolling
12 applies to preclude dismissal of this cause of action on statute
13 of limitations grounds to the extent it relies on actions or
14 omissions occurring before June 8, 2006.  Plaintiff cites
15 *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir.1993):

16          California courts 'have liberally applied
            tolling rules or their functional equivalents
17          to situations in which the plaintiff has
            satisfied the notification purpose of a
18          limitations statute.' ... Consistent with
            this tradition, the doctrine of equitable
19          tolling rests upon the reasoning that a claim
            should not be barred 'unless the defendant
20          would be unfairly prejudiced if the plaintiff
            were allowed to proceed.' ... Under
21          California law, equitable tolling 'reliev[es]
            plaintiff from the bar of a limitations
22          statute when, possessing several legal
            remedies he, reasonably and in good faith,
23          pursues one designed to lessen the extent of
            his injuries or damage.' ....
24
            To this end, California courts have developed
25          a 'definitive three-pronged test for
            invocation of the doctrine' of equitable
26          tolling ... A plaintiff's pursuit of a remedy

                                12

> in another forum equitably tolls the
> limitations period if the plaintiff's actions
> satisfy these factors: 1) timely notice to
> the defendants in filing the first claim; 2)
> lack of prejudice to the defendants in
> gathering evidence for the second claim; and
> 3) good faith and reasonable conduct in
> filing the second claim ... The doctrine of
> equitable tolling focuses on the effect of
> the prior claim in warning the defendants in
> the subsequent claim of the need to prepare a
> defense.

California's equitable tolling test is a fact-intensive one that

is more appropriately applied at the summary judgment or trial

stage of litigation.  *E.E.O.C. v. ABM Industries Inc.*, 249 F.R.D.

588, 591 (E.D.Cal.2008).

        Plaintiff argues that the allegations of the Complaint are

adequate to withstand dismissal of the Fourth Cause of Action as

time-barred.  Plaintiff refers to the allegation in paragraph 25:

> On May 21, 2007, Plaintiff filed a complaint
> with the California Department of Fair
> Employment and Housing alleging he had been
> subjected to discrimination by Defendant City
> because of his race and that said
> discrimination was continuing.  On or about
> September 20, 2007, the Department of Fair
> Employment and Housing authorized Plaintiff
> to seek private enforcement of his claims
> through a lawsuit.

Although not alleged in the Complaint, Plaintiff notes that

Defendant City served a response to a request for information in

July 2007, thereby negating any claim that Defendant City was

unaware of Plaintiff's claims and will be unable to investigate.

Finally, Plaintiff contends that he filed this action in good

faith for civil rights violations which were never litigated in

the prior proceedings.

1    Whether Plaintiff is entitled to equitable tolling of the

2    statute of limitations is a factual inquiry that cannot be

3    resolved at this stage of proceedings.

4    Plaintiff further argues that the continuing violation

5    doctrine applies to preclude dismissal based on the bar of the

6    statute of limitations.  Relying on *Gutowsky v. County of Placer*,

7    108 F.3d 256, 259-260 (9th Cir.1997), Plaintiff contends:

8              [T]he disparate assignment of overtime hours
               was racially motivated.  Plaintiff had
9              communicated his concerns regarding this
               treatment on February 21, 2006 to Captain
10             Lydia Carrasco.  Plaintiff's claims arising
               before June 9, 2006 are not time barred
11             because of the widespread policy and
               practices of the racially motivated
12             assignment of overtime hours as well as other
               acts of disparate treatment of African
13             American officers.

14   Defendants concede for purposes of the motion to dismiss

15   that the continuing violation doctrine negates dismissal based on

16   the bar of the statute of limitations.  Whether Plaintiff is

17   entitled to the continuing violation doctrine is a factual

18   inquiry that must be resolved at summary judgment or trial.

19   Defendants' motion to dismiss the Fourth and Fifth Causes of

20   Action is DENIED.

21             2.  <u>Failure to State a Claim</u>.

22   Defendants move to dismiss the Third, Fourth and Fifth

23   Causes of Action for failure to state a claim upon which relief

24   can be granted.

25             a.  <u>42 U.S.C. § 1981</u>.

26   Defendants move to dismiss the Third Cause of Action for

14

violation of Section 1981 on the ground that the Complaint fails to allege the existence of any contract.

As Plaintiff responds, the Complaint alleges the existence of the MOU.

Defendants' motion to dismiss on this ground is DENIED.

Defendants further move for a more definite statement with regard to the Third Cause of Action to the extent it is based on the allegation that "[t]hroughout Plaintiff's employment with Defendant City, he has been subjected to and heard insensitive remarks, stereotypical comments, and disparate treatment on the basis of race and/or color."   Defendants argue that they cannot respond to these vague and conclusory allegations or discern the basis for the City's liability for unspecified insensitive remarks.   Defendants cite *Crawford-El v. Britton*, 523 U.S. 574 (1998).

In *Crawford-El*, the Supreme Court held that a plaintiff bringing a constitutional action against government officials for damages, for which an official's improper motive is a necessary element, need not adduce clear and convincing evidence of improper motive in order to defeat an official's motion for summary judgment.   The Supreme Court then stated:

> Though we have rejected the Court of Appeals' solution, we are aware of the potential problem that troubled the court.   It is therefore appropriate to add a few words on some of the existing procedures available to federal trial judges in handling claims that involve examination of an official's state of mind.

15

When a plaintiff files a complaint against a
public official alleging a claim that
requires proof of wrongful motive, the trial
court must exercise its discretion in a way
that protects the substance of the qualified
immunity defense.  It must exercise its
discretion so that officials are not
subjected to unnecessary and burdensome
discovery or trial proceedings.  The district
judge has two primary options prior to
permitting any discovery at all.  First, the
court may order a reply to the defendant's or
a third party's answer under Federal Rule of
Civil Procedure 7(a), or grant the
defendant's motion for a more definite
statement under Rule 12(e).  Thus, the court
may insist that a plaintiff 'put forward
specific, nonconclusory factual allegations'
that establish improper motive causing
cognizable injury in order to survive a
prediscovery motion for dismissal or summary
judgment ... This option exists even if the
official chooses not to plead the affirmative
defense of qualified immunity.  Second, if
the defendant does plead the immunity
defense, the district court should resolve
that threshold question before permitting
discovery ... To do so, the court must
determine whether, assuming the truth of the
plaintiff's allegations, the official's
conduct violated clearly established law.
Because the former option of demanding more
specific allegations of intent places no
burden on the defendant-official, the
district judge may choose that alternative
before resolving the immunity question, which
sometimes requires complicated analysis of
legal issues.

523 U.S. at 597-598.

Plaintiff responds that the Complaint satisfies Rule 8 and

provides notice to Defendants of the nature of Plaintiff's

claims.  Plaintiff contends that "[t]he details of the factual

underpinnings are for discovery."

The Supreme Court's rulings in *Twombley, Iqbal*, and

*Crawford-El* require allegations of specific facts to support a claim for relief.  The Complaint alleges no facts about the insensitive comments, the stereotypical comments or other disparate treatment, which could have been made many years ago before any of the defendants were employed by the Police Department.

Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.

b.  <u>Individual Capacity</u>.

The Complaint does not specifically allege that the individual defendants are being sued in their individual or personal capacities.  The Complaint alleges that each individual defendant is a resident of Fresno County, was employed by the Fresno Police Department, and that "the actions of the Police Department, taken by and through its designated employees and agents, were committed within the purpose and scope of their employment or relationship with Defendant City and that Defendant City is legally responsible for all such acts or omissions."  However, the Complaint prays for punitive damages against each of the individual defendants.

Defendants argue that the failure of the Complaint to sue the individual defendants in their personal capacities means that the Complaint should be dismissed against them.  Plaintiff responds that it is inferable from the Complaint that it seeks to hold the individual defendants personally liable.

When a governmental official is sued in his official and

17

individual capacities for acts performed in each capacity, those

acts are "treated as the transactions of two different legal

personages." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S.

534, 543 n. 6 (1986).  As explained in *Kentucky v. Graham*, 473

U.S. 159, 165-166 (1985):

> Personal-capacity suits seek to impose
> personal liability upon a government official
> for actions he takes under color of state law
> ... Official-capacity suits, in contrast,
> 'generally represent only another way of
> pleading an action against an entity of which
> an officer is an agent.' ... As long as the
> government entity receives notice and an
> opportunity to respond, an official-capacity
> suit is, in all respects other than name, to
> be treated as a suit against the entity ...
> It is not a suit against the official
> personally, for the real party in interest is
> the entity.  Thus, while an award of damages
> against an official in his personal capacity
> can be executed only against the official's
> personal assets, a plaintiff seeking to
> recover on a damages judgment in an official-
> capacity suit must look to the government
> entity itself.
>
> On the merits, to establish <u>personal</u>
> liability in a § 1983 action, it is enough to
> show that the official, acting under color of
> state law, caused the deprivation of a
> federal right ... More is required in an
> official-capacity action, however, for a
> governmental entity is liable under § 1983
> only when the entity itself is a '"moving
> force"' behind the deprivation ...; thus, in
> an official-capacity suit the entity's
> 'policy or custom' must have played a part in
> the violation of federal law.

Here, the Complaint is unclear as to the capacity in which

the individual defendants are sued.  Because the Complaint will

be amended on other grounds, Plaintiff should specifically allege

that the individual defendants are sued in both their official

18

and personal capacities.

Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.

### c.   *Monell* Liability.

Defendant City moves to dismiss the Fourth Cause of Action for violation of Section 1983 on the ground that the Complaint fails to allege a policy or custom pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)(Local government entities and local government officials acting in their official capacity can be sued for monetary, declaratory, or injunctive relief, but only if the allegedly unconstitutional actions took place pursuant to some "policy statement, ordinance, or decision officially adopted and promulgated by that body's officers.")

The Fourth Cause of Action alleges that "Defendants City and Dyer used and/or allowed official policies, procedures and/or practices to discriminate against Plaintiff on the basis of his race."

Prior to *Twombley* and *Iqbal*, this allegation sufficed to withstand a motion to dismiss.  It is well established in the Ninth Circuit that an allegation based on nothing more than a bare averment that the official's conduct conformed to official policy, custom or practice suffices to state a *Monell* claim under Section 1983. *See Karim Panahi v. L.A. Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988); *Shah v. County of L.A.*, 797 F.2d 743, 747 (9th Cir. 1986); *Guillory v. County of Orange*, 731 F.2d 1379, 1382 (9th Cir. 1984).

19

1    However, all of this Ninth Circuit precedent precedes the
2 pleading requirements set forth by the Supreme Court in *Twombley*
3 and *Iqbal*. In *Young v. City of Visalia*, 2009 WL 2567847
4 (E.D.Cal.2009), Judge Ishii ruled that "[i]n light of *Iqbal*, it
5 would seem that the prior Ninth Circuit pleading standard for
6 *Monell* claims (i.e. 'bare allegations') is not longer viable."
7 *See also Lutz v. Delano Union School Dist.*, 2009 WL 2525760
8 (E.D.Cal.2009)("This conclusory statement, which is unsupported
9 by any factual allegations as to what that 'policy, custom, and
10 practice' consists of, who established it, when, and for what
11 purpose, does not sufficiently allege a basis for *Monell*
12 liability," citing *Iqbal*.

13    Defendants' motion to dismiss on this ground is GRANTED WITH
14 LEAVE TO AMEND.[4]

15              d.   <u>42 U.S.C. § 1985(3)</u>.

16    Defendants move to dismiss the Fifth Cause of Action for
17 violation of Section 1985(3) on the ground that no rights are
18 created by Section 1985(3) giving rise to an independent cause of
19 action. Defendants cite *Great American Federal Savings & Loan*
20 *Association v. Novotny*, 442 U.S. 366 (1979).

21    In *Novotny*, an action was brought by a former male employee,
22 who alleged his support for female employees was the cause of his
23 discharge, contending that he had been injured as a result of a

24 _____

25    [4]At the hearing, Defendants withdrew their ground for
26 dismissal based on the failure to allege that Defendants acted
under color of state law.

conspiracy to deprive him of equal protection and equal

privileges and immunities under the law.  The District Court

dismissed the action but the Court of Appeal reversed.  The

Supreme Court reversed the Court of Appeal, holding that

deprivation of a right created by Title VII of the Civil Rights

Act of 1964 cannot be the basis for a cause of action under

Section 1985(3).  The Supreme Court held:

> Section 1985(3) provides no substantive
> rights itself; it merely provides a remedy
> for violations of the rights it designates.
> The primary question in the present case ...
> is whether a person injured by a conspiracy
> to violate § 704(a) of Title VII of the Civil
> Rights Act of 1964 is deprived of 'the equal
> protection of the laws, or of equal
> privileges and immunities under the laws'
> within the meaning of § 1985(3).

*Id.* at 372.  The Supreme Court ruled:

> Section 1985(3) .. creates no rights.  It is
> a purely remedial statute, providing a civil
> cause of action when some otherwise defined
> federal right - to equal protection of the
> laws or equal privileges and immunities under
> the laws - is breached by a conspiracy in the
> manner defined by the section.

*Id.* at 376.  The Supreme Court concluded:

> This case ... does not involve two
> 'independent' rights, and ... we conclude
> that § 1985(3) may not be invoked to redress
> violations of Title VII.  It is true that a §
> 1985(3) remedy would not be coextensive with
> Title VII, since a plaintiff in an action
> under § 1985(3) must prove both a conspiracy
> and a group animus that Title VII does not
> require.  While this incomplete congruity
> would limit the damage that would be done to
> Title VII, it would not eliminate it.
> Unimpaired effectiveness can be given to the
> plan put together by Congress in Title VII
> only by holding that deprivation of a right

21

> created by Title VII cannot be the basis for
> an action under § 1985(3).

*Id.* at 378.

Defendants characterize *Novotny* as holding that the "remedies provided by 42 U.S.C. § 1985(3) are not available as a matter of law if the plaintiff cannot first establish a cause of action for violation of specifically defined federal right to equal protection of the laws or equal privileges and immunities under the laws." Defendants argue that the Complaint does not do so:

> The fifth cause of action does not
> specifically designate a defined federal
> right ... Instead, the cause of action is
> broadly based upon unspecified rights arising
> from the 'prosecution of the disciplinary
> action related to Plaintiff's July 8, 2006
> conduct' - a matter which recovery is barred
> as a matter of law under the doctrine of
> collateral estoppel.

Plaintiff responds that the Fifth Cause of Action states a claim for relief under Section 1985(3):

> Plaintiff has alleged the memo was only
> enforced as to him, an African-American, and
> that the overtime assignments had a disparate
> impact upon African-American officers.
> Plaintiff objected and brought his objections
> to the FPOA and the Department.  As
> previously stated, any one of the individual
> Defendants could have stopped the violation
> of Plaintiff's rights but chose not to do so.
> Each of them could have declined to
> participate.  Instead, each Defendant
> contributed to the continuing conduct of
> discrimination and then retaliation.  Each
> had a role.

Defendants conceded at the hearing that the Fifth Cause of Action is not barred by collateral estoppel.  Plaintiff has

22

alleged an equal protection denial claim pursuant to a racially motivated conspiracy.

Defendants' motion to dismiss the Fifth Cause of Action is DENIED.  Although *Novotny* holds that Section 1985(3) is not a remedy for Title VII violations, it does not bar a plaintiff from bringing a Section 1985(3) claim premised on violations of federal constitutional rights.  The rule in *Novotny*, which involved discrimination by a private employer, is inapplicable to a government employee who alleges violations of Section 1983 against his or her employer.  Because Plaintiff asserts a Section 1983 claim against the City of Fresno, he may assert a conspiracy claim under Section 1985(3).  *See Roberts v. College of the Desert*, 870 F.2d 1411, 1415 (9th Cir.1988); *Black v. City & County of Honolulu*, 112 F.Supp.2d 1041, 1057 (D.Hawaii 2000).

D. <u>First Cause of Action</u>.

Defendants move to dismiss the First Cause of Action for violation of the FEHA on various grounds.[5]

1.   <u>Statute of Limitations</u>.

Defendants move to dismiss the First Cause of Action for violation of the FEHA to the extent that it is based on alleged acts of employment discrimination occurring before May 21, 2006 on the ground that these claims are barred by California Government Code § 12960(d)("No complaint may be filed after the

_____

[5]Because Plaintiff concedes that the Second Cause of Action is barred by collateral estoppel, the Court does not address the other grounds asserted by Defendants for dismissal of the Second Cause of Action.

expiration of one year from the date upon which the alleged

unlawful practice or refusal to cooperate occurred" with

exceptions not applicable to this case).

Plaintiff responds that the doctrine of continuing violation

applies to make his claims of employment discrimination occurring

before May 21, 2006 actionable.  Plaintiff cites *Accardi v.*

*Superior Court*, 17 Cal.App.4th 341, 349 (1993):

> There is an equitable exception to the one-
> year period that is known as the continuing
> violation doctrine ... Under this doctrine, a
> complaint arising under the FEHA is timely if
> *any* of the discriminatory practices continues
> into the limitations period ... Thus, a '"
> ...'... systematic policy of discrimination
> is actionable even if some or all of the
> events evidencing its inception occurred
> prior to the limitations period.' ..."'

Plaintiff also cites *Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798,

823 (2001):

> [W]e hold that an employer's persistent
> failure to reasonably accommodate a
> disability, or to eliminate a hostile work
> environment targeting a disabled employee, is
> a continuing violation if the employer's
> unlawful actions are (1) sufficiently similar
> in kind - recognizing ... that similar kinds
> of unlawful employer conduct, such as acts of
> harassment or failures to reasonably
> accommodate disability, may take a number of
> different forms ...; (2) have occurred with
> reasonable frequency; (3) and have not
> acquired a degree of permanence ....

Plaintiff argues that the Complaint adequately alleges a

continuing violation.

Defendants concede for purposes of the motion to dismiss

that the continuing violation doctrine negates dismissal based on

1   the bar of the statute of limitations.   Whether Plaintiff is

2   entitled to the continuing violation doctrine is a factual

3   inquiry that must be resolved at summary judgment or trial.

4         Plaintiff further argues that the one-year statute of

5   limitations set forth in Section 12960(d) was tolled while

6   Plaintiff was pursuing his petition for writ of mandamus:

7            The mandamus action was an attempt to attack
            the retaliatory disciplinary that had been

8            leveled at him, commencing in August 2006 and
            ended with a Notice of Intent to discipline

9            in October 2006.  Defendants have gone
            outside the pleadings to discuss the mandamus

10           action; however, clearly Plaintiff spent the
            time between October 2006 and May 2008 in the

11           prosecuting the mandamus action.

12         Plaintiff cites *Dillon v. Board of Pension Commrs*, 18 Cal.2d

13   427 (1941) and *Campbell v. Graham-Armstrong*, 9 Cal.3d 482 (1973).

14         In *Dillon*, the Supreme Court held: "It is well recognized

15   that the running of the statute of limitations is suspended

16   during any period in which the plaintiff is legally prevented

17   from taking action to prevent his rights."  *Id.,* 18 Cal.2d at

18   431.   In *Campbell,* the Supreme Court stated:

19            The exhaustion of administrative remedies
            will suspend the statute of limitations even

20            though no statute makes it a condition of the
            right to sue ... 'When an injured person has

21            several legal remedies and, reasonably and in
            good faith, pursues one designed to lessen

22            the extent of the injury or damages, the
            statute of limitations does not begin to run

23            on the other while he is thus pursuing the
            one.'

24   *Id.,* 9 Cal.3d at 490.

25         Defendants, citing *Schifando v. City of Los Angeles*, *supra*,

26

1  31 Cal.4th at 1092, replies that because Plaintiff was not

2  required to exhaust administrative remedies prior to filing a

3  complaint with the Department of Fair Employment and Housing,

4  Plaintiff cannot rely on these cases in arguing that Section

5  12960(d) was tolled while he pursued the mandamus proceeding.

6      Defendants' position is without merit.  In *McDonald v.*

7  *Antelope Valley Community College Dist.*, 45 Cal.4th 88 (2008),

8  the Supreme Court held that when an employee voluntarily pursues

9  an internal administrative remedy prior to filing a complaint

10 under the FEHA, the statute of limitations on the FEHA claim is

11 subject to equitable tolling.  The *McDonald* Court specifically

12 ruled that *Schifando* does not preclude the availability of

13 equitable tolling if an aggrieved party voluntarily elects to

14 pursue administrative remedies.  *Id.* at 103-104.

15     Defendants' motion to dismiss the First Cause of Action as

16 barred by the statute of limitations is DENIED.

17          2.  Failure to Comply with Government Tort

18 Claims Act.

19     Defendants move to dismiss the First Cause of Action for

20 violation of the FEHA on the ground that Plaintiff has not

21 alleged compliance with the claim requirements of the California

22 Government Tort Claims Act.

23     Defendants' motion to dismiss the First Cause of Action on

24 this ground is DENIED.  Actions seeking redress for employment

25 discrimination pursuant to the FEHA are not subject to the claim

26 presentation requirements of the Tort Claims Act.  *See Garcia v.*

26

*Los Angeles Unified School Dist.*, 173 Cal.App.3d 701, 711-712 (1985); *Snipes v. City of Bakersfield,* 145 Cal.App.3d 861, 863 (1983).

### 3.   Vague and Ambiguous Pleading.

Defendants move to dismiss the First Cause of Action on the ground that the allegation "[t]hroughout Plaintiff's employment with Defendant City, he has been subjected to and heard insensitive remarks, stereotypical comments, and disparate treatment on the basis of race and/or color" are vague and insufficient to establish that the employer, the City of Fresno, "engaged in (unspecified) incidences and acts of (unspecified) employment practices." Defendants also assert that the "insensitive remarks" claims against the City should be dismissed or stricken.

Defendants' motion to dismiss on this ground is GRANTED WITH LEAVE TO AMEND. Plaintiffs' allegations are conclusory and do not allow a determination whether they state a claim for relief under the FEHA.

### 4.   Allegations Against Defendant City.

Defendants move to dismiss the First Cause of Action because it fails to allege that the *City* had knowledge of and ratified the alleged acts of employment discrimination. California Government Code § 12940 imposes liability under the FEHA on the employer.

Plaintiff does not appear to respond specifically to this ground for dismissal of the First Cause of Action. Paragraph 31

27

of the First Cause of Action does allege:

> 31.  Defendants City and Dyer did not exercise reasonable care to prevent and promptly correct any harassing or discriminatory behavior involving the Department and specifically with regard to the above incidents and, in fact, has taken no appropriate action with regard to said events.

Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.

E.  <u>Motion to Strike</u>.

Defendants move to strike the allegations pertaining to adverse actions taken before July 9, 2006 for the Federal Causes of Action, before May 21, 2006 for the First Cause of Action, and January 9, 2008 for the Second Cause of Action on the ground that these allegations are barred by the applicable statutes of limitations.

Defendants' motion to strike is DENIED.  Because of Plaintiff's invocation of the continuing violation doctrine and the need for Plaintiff to amend to allege the specifics of these adverse actions, there is no present basis to strike these allegations.

Defendants move to strike the prayer for punitive damages against Defendants Dyer, Nevarez, Garner, Romo and Martinez, individually, pursuant to California Civil Code § 3294. Defendants note that, with the exception of Defendant Dyer in the Second Cause of Action, none of the individual defendants are named in the state law causes of action.  Defendants also contend

1  that punitive damages against Defendant Nevarez in connection
2  with the Fourth Cause of Action for violation of Section 1983,
3  the only federal cause of action against him, on the ground that
4  the allegations of the Complaint do not suffice to allow a
5  punitive damages award against Defendant Nevarez.

6      Plaintiff responds that punitive damages are allowed under
7  42 U.S.C. § 1981, a contention not made by Defendants.  In any
8  event, the availability of punitive damages raised factual
9  issues, which cannot be resolved at this juncture, especially
10  given that Plaintiff will be required to file an amended
11  complaint.

12      Defendants' motion to strike on this ground is DENIED.

13      Defendants move to strike the prayer for attorney's fees on
14  the ground that attorney's fees are not warranted under 42 U.S.C.
15  § 1988 or California Government Code § 12965(b) when all
16  underlying dependent claims have been dismissed.

17      Defendants' motion to strike on this ground is DENIED;
18  Plaintiff will be required to file an amended complaint.

19                          CONCLUSION
20      For the reasons stated:

21      1.  Defendants' motion to dismiss is GRANTED IN PART WITHOUT
22  LEAVE TO AMEND, GRANTED IN PART WITH LEAVE TO AMEND, AND DENIED
23  IN PART;

24      2.  Plaintiff shall file a First Amended Complaint in
25  accordance with the rulings in this Memorandum Decision and Order
26  ///

1  **within 20 days of the filing date of this Memorandum Decision and**

2  **Order.**

3

4  IT IS SO ORDERED.

5  **Dated:     September 3, 2009            _____/s/ Oliver W. Wanger_____**
                                        UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26