UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEWIS, et al.,<br><br>          Plaintiffs,<br><br>  v.<br><br>CITY OF FRESNO, et al.,<br><br>          Defendants. | 1:08-cv-01062-OWW-GSA<br><br>MEMORANDUM DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST JONATHAN PIERRO (Doc. 74) |

## I. INTRODUCTION.

Jonathan Pierro ("Plaintiff") proceeds with this action pursuant to 42 U.S.C. 1983 and California Government Code § 12900.

Defendants filed a motion for summary judgment on May 9, 2011. (Doc. 74). Plaintiff filed opposition on June 6, 2011. (Doc. 86). Defendants filed a reply on June 13, 2011. (Doc. 92)

## II. FACTUAL BACKGROUND.

Plaintiff is an African American police officer who previously served as a recruit and cadet with the Fresno Police Department ("Department").

Plaintiff entered the Department's Patrol Training Program ("Program") on January 9, 2007. Plaintiff was supervised by Kirk Pool ("Pool"). Brett Vestal ("Vestal") was assigned as Plaintiff's training officer.

1

In March 2007, Plaintiff reported to Pool's office at the directive of Vestal. Pool told Plaintiff he did not believe Plaintiff was going to successfully complete the training program and suggested that Plaintiff resign and take a non-sworn position. Plaintiff declined. Pool gave Plaintiff a written homework assignment to be completed in the next 48 hours. Plaintiff failed to complete the assignment. Vestal was upset that Plaintiff did not complete the homework assignment and told him to call Pool. Plaintiff alleges that he called Pool in Vestal's presence and left a message when Pool did not answer. Vestal accused Plaintiff of not having called Pool. Plaintiff received a Documented Oral Reprimand for failing to complete the homework assignment. After this incident, Plaintiff sought the assistance of a union representative, sergeant James Lewis ("Lewis"), who intervened on Plaintiff's behalf and caused Plaintiff to be assigned to a new training officer.

Plaintiff reported to the Department's Southeast Division in May 2007 to begin training with officer Jason Jones ("Jones"). Plaintiff saw Jones conversing with Vestal at some point. Plaintiff alleges that Jones micro-managed his conduct and displayed a hostile attitude similar to Pool and Vestal's.

In July 2007, Jones took Plaintiff downtown to participate in an emergency board evaluation. After the evaluation, Jones relayed to Plaintiff that he had scored "better than expected" on the evaluation. Plaintiff failed the examination, however. Plaintiff was subsequently assigned to his "sixth white training officer," Damon Kurtz ("Kurtz"). (Opposition at 5). After Kurtz, Plaintiff was assigned to yet another training officer, Derrick Avila. On

his second day under Avila, Plaintiff was demoted to Cadet II. Plaintiff believed his time with Avila was the "most valuable." (Id.).

Plaintiff on a subsequent occasion fell asleep on duty at a hospital while guarding a prisoner who was handcuffed to a hospital bed. Plaintiff was allowed to resign rather than being terminated after the hospital incident.

### III. **LEGAL STANDARD**.

Summary judgment/adjudication is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotation marks omitted).

Where the movant will have the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). With respect to an issue as to which the non-moving party will have the burden of proof, the movant "can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Soremekun*, 509 F.3d at 984.

**3**

When a motion for summary judgment is properly made and supported, the non-movant cannot defeat the motion by resting upon the allegations or denials of its own pleading, rather the "non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *Soremekun*, 509 F.3d at 984. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). "[A] non-movant must show a genuine issue of material fact by presenting affirmative evidence from which a jury could find in his favor." *Id*. (emphasis in original). "[S]ummary judgment will not lie if [a] dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute exists, a district court does not make credibility determinations; rather, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.

## IV. DISCUSSION.

**A. FEHA Claims**

California's Fair Employment and Housing Act ("FEHA") makes it an "unlawful employment practice" for any employer "because of the race...to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Cal. Gov. Code, § 12940(a).   The elements of a FEHA claim for employment

**4**

discrimination are (1) the employee's membership in a classification protected by the statute; (2) discriminatory animus on the part of the employer toward members of that classification; (3) an action by the employer adverse to the employee's interests; (4) a causal link between the discriminatory animus and the adverse action; (5) damage to the employee, and (6) a causal link between the adverse action and the damage. *Mamou v. Trendwest Resorts, Inc.*, 165 Cal. App. 4th 686, 713 (Cal. Ct. App. 2008).

**1. Discrimination Claim**

FEHA's discrimination provision addresses only explicit changes in the "terms, conditions, or privileges of employment." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706 (Cal. 2010) (citing (§ 12940(a)). In the case of an institutional or corporate employer, the institution or corporation itself must have taken some official action with respect to the employee, such as hiring, firing, failing to promote, adverse job assignment, significant change in compensation or benefits, or official disciplinary action. *Id.*

Plaintiff identifies three adverse employment actions taken against him: (1) the Documented Oral Reprimand issued by Pool; (2) his demotion to Cadet II; and (3) his forced resignation. Plaintiff provides no direct evidence that any of the adverse actions he complains of were motivated by race, and does not allege circumstances sufficient to support an inference of discrimination under the McDonald Douglas framework, except that all but one of his training officers were Caucasian.

With respect to Plaintiff's homework assignment and the related Documented Oral Reprimand, it is undisputed that the non-

5

African American trainees received such assignments. (Doc. 86-1, Plaintiff's Response to DUMF No. 12). It is also undisputed that the basis for Plaintiff's Documented Oral Reprimand was his failure to timely complete the assignment and for lack of effort, and that Pool has given Documented Oral Reprimands for similar conduct on other occasions to non-African American officers in training. (Doc. 86-1, Plaintiff's Response to DUMF Nos. 13, 14).[1] Plaintiff provides no evidence sufficient to support a reasonable inference that Pool harbored racial animus towards African Americans, or that his issuance of the reprimand to Plaintiff was motivated by racial discrimination. There are valid reasons for the reprimand based on Plaintiff's failure to complete the assignment.

Pool was also responsible for Plaintiff's demotion to Cadet II. (Doc. 86-1, Plaintiff's Response to DUMF No. 19). Plaintiff does not dispute that the motivation for Pool's decision was to allow Plaintiff more time to improve and for Plaintiff to motivate himself to be more successful in the training program. (Doc. 86-1, Plaintiff's Response to DUMF No. 20). There is no evidence that Pool harbored racial animus toward Plaintiff. Nor is there any evidence aside from the fact of race that support an inference of racism on Pool's part.

As to Plaintiff's forced resignation, it is undisputed that Sergeant Grove and Captain Maroney, an African-American, recommended Plaintiff's termination from employment, and that Captain Belluomini offered resignation in lieu of termination as an accommodation to Plaintiff. (Doc. 86-1, Plaintiff's Response to

---

[1] Plaintiff lodges an evidentiary objection to DUMF No. 14 on the grounds that it is conclusory. DUMF No. 14 is based on Pool's testimony.

**6**

DUMF Nos. 24, 25). The record is devoid of any evidence that any of the decision makers involved in the decision to terminate Plaintiff were motivated by racial discrimination.[2] As Plaintiff has not provided a scintilla of admissible evidence that any of the adverse employment actions he complains of were motivated even in part by racial discrimination, summary judgment on Plaintiff's FEHA discrimination claim is GRANTED.[3]

**2. Retaliation Claim**

In order to establish a prima facie case of retaliation under FEHA, a plaintiff must show (1) he or she engaged in a "protected activity," (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action. *Yanowitz*, 36 Cal. 4th at 1142.

It is undisputed that there is no evidence that the adverse employment actions Plaintiff alleges in the complaint were carried out by individuals with knowledge of Plaintiff's purported complaint regarding racial discrimination. Plaintiff concedes that (1) the individuals involved in the Documented Oral Reprimand were not aware that Plaintiff had complained about racial

---

[2] Plaintiff's response to DUMF No. 29 avers "while [Pool, Vestal, and Jones] were not decision-makers, their input was part of the decision making" that culminated in the decision to terminate Plaintiff. The fact that decision makers may have considered Pool, Vestal, and Jones' opinions of Plaintiff's performance in reaching their decision to terminate Plaintiff is insufficient to render Pool, Vestal, and Jones "direct and important participant[s]" in the decision making process. *See DeJung v. Superior Court*, 169 Cal. App. 4th 533, 552 (Cal. Ct. App. 2008) (discussing "cats paw" doctrine).

[3] Plaintiff contends that another officer referred to Jones and Vestal as "Nazis;" even assuming the truth of the implication Plaintiff seeks to derive from this hearsay statement, there is no evidence pertaining to the relevant decision makers.

discrimination;(2) the individuals involved in Plaintiff's transfer to Police Cadet were not aware that Plaintiff had complained about racial discrimination; and (3) the individuals involved in offering Plaintiff the option to resign in lieu of being terminated were not aware that Plaintiff had complained about racial discrimination. (Doc. 86-1, Plaintiff's Response to DUMF Nos. 33-35).  There is no basis for this claim.  Summary judgment on Plaintiff's retaliation claim is GRANTED.

**B. Federal Claims**

Plaintiff's opposition does not oppose any of Defendants' arguments concerning entitlement to summary judgment on Plaintiff's federal claims.

**1. Section 1981 Claim**

Plaintiff's section 1981 claim is predicated on Plaintiff's allegation that Defendants Pool and Dyer discriminated against Plaintiff on the basis of race. (Complaint at 18).[4]  Plaintiff concedes Chief Dyer had no personal involvement in any alleged adverse action against Plaintiff and thus has no claim against Dyer under section 1981. (Doc. 86-1, Plaintiff's Response to DUMF No. 1).

The same summary judgment test applies in both the section 1981 and FEHA contexts. *E.g., Lawson v. Reynolds Indus.*, 264 Fed. Appx. 546, 549 n.2 (9th Cir. 2008) (unpublished) (citing *Manatt v. Bank of Am., NA*, 339 F.3d 792, 801 (9th Cir. 2003)(§ 1981) and *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1284 (9th Cir. 2001) (FEHA)). Because the factual basis for Plaintiff's

---

[4] The Complaint also asserts a 1981 claim against Defendant Farmer, however, Plaintiff voluntarily dismissed this claim on April 21, 2011. (Doc. 71).

**8**

section 1981 claim is the same as the basis for his FEHA discrimination claim, Defendant's motion for summary judgment on Plaintiff's section 1981 claim against Dyer and Pool is GRANTED for the same reasons stated above. See, e.g., *Peralta v. City & County of San Francisco*, 2011 U.S. App. LEXIS 8383 *2 (9th Cir. 2011) (unpublished) (noting that summary judgment was appopriate on both FEHA claims and section 1981 claims where Plaintiff failed to establish a prima facie case of discrimination).

**2. Section 1985 Claim**

To establish a § 1985(3) conspiracy claim, the plaintiff must show: "(1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury." *Scott v. Ross,* 140 F.3d 1275, 1284 (9th Cir. 1998)*; accord Hernandez v. City of Vancouver*, 277 Fed. Appx. 666, 671 (9th Cir. 2009) (unpublished) (citing *Scott*).

The Complaint asserts a section 1985 claim against Dyer, Farmer, Pool, Vestal, and Jones. Plaintiff has dismissed his 1985 claim with respect to Dyer. (Doc. 71). It is undisputed that Pool, Vestal, and Jones never made any agreement to take action against Plaintiff based on his race, nor is there any evidence of racial discrimination by any of these Defendants. (Doc. 86-1 Plaintiff's Response to DUMF No. 27). There is no evidence concerning Defendants Dyer and Farmer. Summary judgment on Plaintiff's section 1985 claim is GRANTED.

**3. Section 1983 Claim**

The complaint alleges that "initiation and prosecution of disciplinary action as to Plaintiff and ultimately his termination

**9**

were violations of Plaintiff's due process Fourteenth Amendment rights." Due process protections are implicated when government action deprives a citizen of a protected liberty or property interest. *See, e.g., Lawson v. Umatilla County*, 139 F.3d 690, 692 (9th Cir. 1998). Under the federal constitution, at-will employees possess no protected property rights and therefore are not entitled to due process before being terminated. *Id*. (citing *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). There were valid non-discriminatory reasons for Plaintiff's termination.

Plaintiff has no viable section 1983 claim. Summary judgment is GRANTED.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Summary judgment on Plaintiff's FEHA claims is GRANTED;

2) Summary judgment on Plaintiff's federal claims is GRANTED; and

3) Defendants shall submit a form of order consistent with this memorandum decision within five (5) days of electronic service of this decision.

IT IS SO ORDERED.

**Dated:   July 13, 2011**            /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE