**BETTS & RUBIN, A Professional Corporation**
Attorneys at Law
907 Santa Fe Avenue, Suite 201
Fresno, California 93721
Telephone: (559) 438-8500
Facsimile:  (559) 438-6959

James B. Betts (State Bar #110222)
Joseph D. Rubin (State Bar #149920)

Attorneys for Defendant CITY OF FRESNO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD MILLER, ) | Case No. 1:08-CV-01062-OWW |
| Plaintiff, ) ) | ORDER RE MOTIONS IN LIMINE IN **MILLER** ACTION |
| v. ) | |
| CITY OF FRESNO, ) ) | |
| Defendant. ) | |

On August 3, 2011, a motion in limine conference was held in this matter. Rayma Church appeared for Plaintiff Gerald Miller.  James B. Betts and Joseph D. Rubin appeared for Defendant City of Fresno.

Based upon the Court's review of the filed motions and argument of counsel, the Court ORDERS AS FOLLOWS:

Plaintiff's Motions in Limine:

1. The Court grants Plaintiff's Motion in Limine (No. 1) regarding the exclusion of the Perez Investigation Report.  The witness summaries may be utilized for other purposes including refreshing recollection and impeachment in accordance with the Federal Rules of Evidence.

//

1    2.    Based upon the representation of Plaintiff's counsel that Plaintiff is not
2 pursuing a claim for failure to prevent harassment, discrimination or retaliation, the
3 Court grants Plaintiff's Motion in Limine (No. 2) to exclude evidence of the Liebert
4 Cassidy training materials.

5    3.    The Court conditionally grants Plaintiff's Motion in Limine (No. 3) to
6 exclude evidence of the EEOC Compliance Manual; however, depending on the cross-
7 examination of Sgt. Casto with respect to her efforts to investigate Plaintiff's complaint
8 of racial discrimination, Defendant City of Fresno may ask the Court to revisit the issue.

9    4.    The Court denies Plaintiff's Motion in Limine (No. 4) relating to redacted
10 Internal Affairs investigations. Plaintiff has elected to utilize the redacted Internal Affairs
11 investigations as exhibits for purposes of trial.

12    The Court further orders that the unredacted Internal Affairs investigations be
13 provided to Plaintiff's counsel subject to a confidential protective order. These
14 investigations should be utilized by Plaintiff only for purposes of this case; should not be
15 copied; should not be disseminated for any reason; and should be destroyed at the
16 conclusion of the case.

17    Lastly, the Court is willing to provide a limiting instruction that the investigations
18 are not being admitted for the truth of the matters asserted, but for the state of mind of
19 the decisionmakers in evaluating the reasons for their actions.

20    5.    The Court denies Plaintiff's Motion in Limine (No. 5) as to demographic
21 evidence regarding Internal Affairs investigations. The Court grants the motion as to
22 other demographic evidence, such as hiring and promotions.

23    6.    The Court grants Plaintiff's Motion in Limine (No. 6). However, depending
24 on the evidence that is introduced regarding later non-compensable adverse actions,
25 Defendant City of Fresno is permitted to revisit the issue with the Court.
26 //
27 //
28 //

Defendant's Motions in Limine:

1. The Court grants Defendant's Motion in Limine (No. 1), but the parties have agreed that 48 hours notice should be provided.

2. The Court grants Defendant's Motion in Limine (No. 2) to exclude character evidence; however, the Court does not intend by its decision to impact a party's ability to utilize Federal Rules of Evidence, Rules 404 and 608.

3. The Court grants Defendant's Motion in Limine (No. 3) to exclude evidence of insurance.

4. The Court grants Defendant's Motion in Limine (No. 4) to the extent that it will provide an instruction to the jury relating to trial publicity.

5. The Court grants Defendant's Motion in Limine (No. 5) to exclude evidence relating to other lawsuit(s), claims of employment retaliation, discrimination or harassment and/or employee grievances. It was further agreed that no evidence shall be introduced regarding the worker's compensation claim.

6. The Court grants Defendant's Motion in Limine (No. 6) to preclude evidence of, or making assertions that, Defendant violated his rights under claims or statutes that already have been adjudicated. This ruling does not limit Plaintiff's ability to introduce evidence relating to the remaining claims.

7. The Court grants, in part, Defendant's Motion in Limine (No. 7) to limit Plaintiff Miller's compensable adverse actions to: (1) blue sheet issued by Deputy Chief Nevarez; (2) initiation of an Internal Affairs investigation resulting from the traffic court proceeding; and (3) the Department's issuing him an older vehicle in 2008. The Court is further willing to provide a limiting instruction to the extent non-compensable adverse claims are introduced into evidence.

8. Defendant's Motion in Limine (No. 8) is provisionally granted. To the extent that Plaintiff intends to introduce evidence of asserted insensitive comments attributable to Police Chief Jerry Dyer, Plaintiff will need to establish two foundational elements:

        1.     that the decisionmaker involved in the alleged adverse action against Plaintiff was aware of Chief Dyer's purported statements at the time he/she made the decision;

        or, the decisionmaker involved in the alleged adverse actions against Plaintiff was aware of Chief Dyer's having an attitude of retaliation and/or discrimination against African-Americans in the workplace at the time of the decision; and

        2.     that if known to the decisionmaker, that the decisionmaker was influenced by Chief Dyer's statements and/or beliefs.

As to matters relating to the asserted misconduct of Hispanic Police Officers at a golf tournament, Plaintiff shall not be permitted to call third-party witnesses to establish that any particular misconduct occurred, or that the Fresno Police Department failed to conduct an administrative investigation into such misconduct.  However, Plaintiff will be allowed to cross-examine Internal Affairs investigators and Police Chief Jerry Dyer relating to the issue of whether FPD treats officers of particular racial groups differently in deciding whether to conduct Internal Affairs investigations, and to question said individuals as to presumed hypothetical facts relating to the alleged misconduct of these officers.

9.     The Court grants Defendant's Motion in Limine (No. 9) to preclude Plaintiff and Plaintiff's witnesses, from testifying or opining that they were "harassed", "discriminated" or "retaliated" against or were subjected to "harassment", "discrimination", "retaliation" or a "hostile work environment".  Plaintiff can testify to his observations and impact on him.

10.     The Court grants Defendant's Motion in Limine (No. 10) to preclude Plaintiff's counsel from making improper comments to the jury regarding damages; in particular, attempting to put the jurors in the "shoes" of Plaintiff.

11.     The Court grants Defendant's Motion in Limine (No. 11) to exclude evidence of settlement offers.

12. The Court denies, without prejudice, Defendant's Motion in Limine (No. 12) to exclude Plaintiff from asserting claims based on the issuance of a blue sheet (counseling) and an unsustained Internal Affairs investigation. The Court recognizes that these issues may be revisited on a motion during trial.

13. The Court grants Defendant's Motion in Limine (No. 13) to exclude evidence of economic damages.

14. The Court grants Defendant's Motion in Limine (No. 14) to exclude Plaintiff from testifying that retaliatory conduct caused any medical condition.

15. The Court grants Defendant's Motion in Limine (No. 15) to preclude Plaintiff from offering medical testimony and/or reports.

IT IS SO ORDERED.

**Dated:   August 5, 2011**                        **/s/ Oliver W. Wanger**
                                       UNITED STATES DISTRICT JUDGE