**BETTS & RUBIN, A Professional Corporation**
Attorneys at Law
907 Santa Fe Avenue, Suite 201
Fresno, California 93721
Telephone: (559) 438-8500
Facsimile:  (559) 438-6959

James B. Betts (State Bar #110222)
Joseph D. Rubin (State Bar #149920)

Attorneys for Defendants CITY OF FRESNO, BRIAN PHELPS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON MANNING, | Case No. 1:08-CV-01062-OWW |
| Plaintiff, | ORDER RE MOTIONS IN LIMINE IN **MANNING** ACTION |
| v. | |
| CITY OF FRESNO, BRIAN PHELPS, | |
| Defendants. | |

On August 3, 2011, a motion in limine conference was held in this matter. Rayma Church appeared for Plaintiff Ron Manning.  James B. Betts and Joseph D. Rubin appeared for Defendants City of Fresno and Brian Phelps.

Based upon the Court's review of the filed motions and argument of counsel, the Court ORDERS AS FOLLOWS:

Plaintiff's Motions in Limine:

1. The Court grants Plaintiff's Motion in Limine (No. 1) regarding the exclusion of the Perez Investigation Report.  The witness summaries may be utilized for other purposes including refreshing recollection and impeachment in accordance with the Federal Rules of Evidence.

////

////

////

2. Based upon the representation of Plaintiff's counsel that Plaintiff is not pursuing a claim for failure to prevent harassment, discrimination or retaliation, the Court grants Plaintiff's Motion in Limine (No. 2) to exclude evidence of the Liebert Cassidy training materials.

3. The Court conditionally grants Plaintiff's Motion in Limine (No. 3) to exclude evidence of the EEOC Compliance Manual; however, depending on the cross-examination of Sgt. Casto with respect to her efforts to investigate Plaintiff's complaint of racial discrimination, Defendant City of Fresno may ask the Court to revisit the issue.

4. The Court denies Plaintiff's Motion in Limine (No. 4). However, the Court is willing to provide a limiting instruction that the investigations are not being admitted for the truth of the matters asserted, but for the state of mind of the decisionmakers in evaluating the reasons for their actions.

5. The Court grants Plaintiff's Motion in Limine (No. 5) regarding demographic evidence on DUI stops, but agrees to revisit the issue after the foundation hearing on the Equal Protection Claim.

6. The Court denies Plaintiff's Motion in Limine (No. 6) relating to the irrelevant and prejudicial evidence. However, with respect to the text messages, the Court will exclude such evidence if Plaintiff limits the time period of his general damage claim and does not assert a claim for future general damages.

7. The Court denies Plaintiff's Motion in Limine (No. 7) regarding pre-incident employment related actions.

8. For the same reasons as in Motion in Limine (No. 5), the Court grants Plaintiff's Motion in Limine (No. 8).

9. The Court denies Plaintiff's Motion in Limine (No. 9) as to blood alcohol evidence.

////

////

////

Order re MIL

Defendants' Motions in Limine:

1. The Court grants Defendants' Motion in Limine (No. 1), but the parties have agreed that 48 hours notice should be provided.

2. The Court grants Defendants' Motion in Limine (No. 2) to exclude character evidence; however, the Court does not intend by its decision to impact a party's ability to utilize Federal Rules of Evidence, Rules 404 and 608.

3. The Court grants Defendants' Motion in Limine (No. 3) to exclude evidence of insurance.

4. The Court grants Defendants' Motion in Limine (No. 4) to the extent that it will provide an instruction to the jury relating to trial publicity.

5. The Court grants Defendants' Motion in Limine (No. 5) to exclude evidence relating to other lawsuit(s), claims of employment retaliation, discrimination or harassment and/or employee grievances.

6. The Court grants Defendants' Motion in Limine (No. 6) to preclude evidence of, or making assertions that, Defendant violated his rights under claims or statutes that already have been adjudicated. This ruling does not limit Plaintiff's ability to introduce evidence relating to the remaining claims.

7. The Court grants Defendants' Motion in Limine (No. 7) to limit Plaintiff Manning's compensable adverse actions to: (1) disparate discipline involving the suspension. The Court is further willing to provide a limiting instruction to the extent non-compensable adverse claims are introduced into evidence.

8. Defendants' Motion in Limine (No. 8) is provisionally granted. To the extent that Plaintiff intends to introduce evidence of asserted insensitive comments attributable to Police Chief Jerry Dyer, Plaintiff will need to establish two foundational elements:

   1. that the decisionmaker involved in the alleged adverse action against Plaintiff was aware of Chief Dyer's purported statements at the time he/she made the decision;

or, the decisionmaker involved in the alleged adverse actions against Plaintiff was aware of Chief Dyer's having an attitude of retaliation and/or discrimination against African-Americans in the workplace at the time of the decision; and

      2.    that if known to the decisionmaker, that the decisionmaker was influenced by Chief Dyer's statements and/or beliefs.

As to matters relating to the asserted misconduct of Hispanic Police Officers at a golf tournament, Plaintiff shall not be permitted to call third-party witnesses to establish that any particular misconduct occurred, or that the Fresno Police Department failed to conduct an administrative investigation into such misconduct.  However, Plaintiff will be allowed to cross-examine Internal Affairs investigators and Police Chief Jerry Dyer relating to the issue of whether FPD treats officers of particular racial groups differently in deciding whether to conduct Internal Affairs investigations, and to question said individuals as to presumed hypothetical facts relating to the alleged misconduct of these officers.

9.    The Court grants Defendants' Motion in Limine (No. 9) to preclude Plaintiff and Plaintiff's witnesses, from testifying or opining that they were "harassed", "discriminated" or "retaliated" against or were subjected to "harassment", "discrimination", "retaliation" or a "hostile work environment".  Plaintiff can testify to his observations and impact on him.

10.    The Court grants Defendants' Motion in Limine (No. 10) to preclude Plaintiff's counsel from making improper comments to the jury regarding damages; in particular, attempting to put the jurors in the "shoes" of Plaintiff.

11.    The Court grants Defendants' Motion in Limine (No. 11) to exclude evidence of settlement offers.

12. - 15. This order does not address Motions in Limine Nos 12 through 15, as they relate to Plaintiff Miller's lawsuit.

////

Order re MIL

1    16.     The Court grants Defendants' Motion in Limine (No. 16) relating to the
Equal Protection Claim against Phelps, in part, to allow for a 104 hearing before
opening statements to determine if a sufficient foundation can be made to establish an
Equal Protection Claim against Officer Phelps.

    17.     The Court grants Defendants' Motion in Limine (No. 17) to exclude a claim
for economic damages against Defendant Phelps, as well as limit the general damage
claim to the time period between Phelps' traffic stop and his decision to arrest.

    18.     The Court grants Defendants' Motion in Limine (No. 18) to bifurcate
punitive damages and motion in limine to exclude evidence of Defendants' financial
condition and reference to punitive damages and to prioritize order of proof.  However,
it will not be a complete bifurcation, but a phasing of trial.

    19.     The Court grants Defendants' Motion in Limine (No. 19) to exclude
Plaintiff from offering evidence relating to an unsustained Internal Affairs investigation
involving another officer.

    20.     The Court grants, in part, Defendants' Motion in Limine (No. 20) regarding
evidence of the DMV decision, the suppression of evidence decision, and the dismissal
of the criminal lawsuit.  The Court will give an instruction to the jury that the "DUI matter
terminated at its inception."  In addition, the Court is also amenable to add agreed
upon language similar to "for purposes of the Internal Affairs investigation and
disciplinary proceeding, the disposition of the criminal matter is irrelevant and should
not be considered by this jury."

IT IS SO ORDERED.

**Dated:   August 5, 2011**              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE